Citation Nr: 1714076 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 12-34 297 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington


THE ISSUE

Entitlement to increases in the ratings assigned for service-connected right knee disability (currently 20 percent for patellofemoral pain syndrome with a separate 10 percent rating for instability).


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

A. Barone, Counsel


INTRODUCTION

The Veteran served on active duty from December 1996 to December 2000.

This issue remaining on appeal comes before the Board of Veterans' Appeals (Board) on appeal from a February 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington.

In February 2015, the Board, in pertinent part, granted an increased rating of 10 percent for right knee patellofemoral pain syndrome. The Veteran appealed that portion of the February 2015 decision to the United States Court of Appeals for Veterans Claims (Court). In a December 2015 Order, the Court vacated that portion of the February 2015 Board decision and remanded the matter to the Board for development consistent with the parties' Joint Motion for Remand (Joint Motion).

In February 2016, the Board remanded the case to the RO for additional development. During the processing of the that remand, the RO issued a rating decision in September 2016 RO that increased the rating for right knee patellofemoral pain syndrome from 10 percent to 20 percent, and further awarded a separate 10 percent rating for right knee instability, both effective from March 23, 2009 (the date of the claim leading to this appeal). The Veteran's claim for further increased ratings for the right knee remains on appeal before the Board, and the Board has recharacterized the description of the issue on the title page accordingly.

The Board notes that in February 2016, the appeal being remanded included the additional issue of entitlement to service connection for right ear hearing loss. That issue was resolved during the processing of the remand as the RO issued a September 2016 rating decision that granted service connection for right ear hearing loss. The only issue remaining on appeal before the Board at this time is the right knee increased ratings issue.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



REMAND

While further delay is regrettable, the Board finds that additional development is required prior to adjudicating the Veteran's claims.

The Veteran's most recent VA examination of his right knee was in April 2016. This VA examination was completed for the purpose of complying the portions of the Court's December 2015 Court Order and associated Joint Remand concerning the need to provide an adequate examination. With consideration of recent case law, the Board finds that the April 2016 examination report is inadequate for rating purposes. See Correia v. McDonald, 28 Vet. App. 158 (2016) (the final sentence of 38 C.F.R. § 4.59 requires that VA examinations include joint testing for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with range of motion measurements of the opposite undamaged joint). The April 2016 VA examination report does not present all of the necessary findings (especially in light of the fact that the report indicates that there was evidence of pain with weight bearing). Accordingly, remand for an additional VA examination is necessary.

Accordingly, the case is REMANDED for the following action:

1. Associate with the claims file any outstanding treatment records, including additional VA treatment records (such as those that may have been created since the last such update of the claims-file).

2. After the record is determined to be complete, arrange for the Veteran to be afforded an examination to determine the nature and severity of his service-connected right knee disability. In providing the requested opinions, the examiner should elicit the Veteran's subjective complaints (including flare-ups and right knee weakness and giving way), report all clinical findings in detail, and reconcile the subjective complaints with the objective findings, commenting on the resulting functional impairment. Based on a review of the record, examination of the Veteran, and any tests or studies deemed necessary, the examiner should provide responses to the following:

a. Please conduct right knee range of motion testing, specifically noting the ranges of motion in degrees on active motion, passive motion, weight-bearing, and nonweight-bearing; including with comparison to the opposite knee. (Pursuant to Correia v. McDonald, 28 Vet. App. 158 (2016), to the extent medically possible / appropriate, joint disability examinations should record the results of range of motion testing accounting for pain on both active and passive motion and in weight-bearing and nonweight-bearing, with comparison to the range of the opposite undamaged joint (when applicable). If any indicated testing cannot be completed, then the examiner must specifically indicate that such testing cannot be done.)

b. In reporting the results of range of motion testing, the examiner should identify any objective evidence of pain, and the degree at which pain begins. Any weakened movement, excess fatigability, and incoordination on use should also be described by the examiner. The examiner should assess the additional functional impairment due to weakened movement, excess fatigability, or incoordination in terms of the degree of additional range of motion loss. The examiner is reminded that he should specify the degree of additional functional loss/motion due to pain, to include during flare-ups, or state why it was not feasible to provide such information, as required for an adequate examination.

c. The examiner should consider the Veteran's reports of any flare-ups of right knee impairment and describe any related functional loss in terms of additional range of motion loss. If the examiner is unable to do so, the examiner must indicate why.

d. The examiner should determine whether the Veteran has ankylosis of the knee; instability or subluxation of the knee; nonunion of the tibia and fibula with loose motion and requiring knee braces; dislocated semilunar cartilages with frequent episodes of locking, pain, and effusion; or severe painful motion or weakness in either knee.

e. The examiner should describe the nature and severity of all manifestations of the Veteran's right knee disability (to any extent such manifestations are not fully described by the responses to the above).

The examiner must provide a comprehensive report including complete rationales for all opinions and conclusions reached, citing the objective medical findings leading to the conclusions. If an opinion cannot be provided without resort to speculation, the examiner should provide an explanation as to why this is so and note what, if any, additional evidence would permit such an opinion to be made.

3. Thereafter, the AOJ should review the record and readjudicate the claim. If any benefit sought remains denied, the AOJ should issue an appropriate supplemental statement of the case and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
M. C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).